Paul W. MAJERUS, as Administrator de bonis non with the will annexed of the Estate of Walter T. Graf, Deceased, Plaintiff,

v.

E. C. COYLE, Jr., Chicago District Director of the Internal Revenue Service, Defendant.

No. 65 C 1862.

United States District Court
N. D. Illinois, E. D.

Feb. 17, 1966.

Morris Goldstein, Chicago, Ill., for plaintiff.

Edward V. Hanrahan, U. S. Atty., Chicago, Ill., for defendant.

WILL, District Judge.

Plaintiff, administrator of the estate of Walter T. Graf, brings this action to recover $3,542.66, allegedly erroneously assessed by defendant District Director of Internal Revenue in auditing the 1962 income tax return of the decedent's estate. Included in the return was the report of the redemption of 370 shares of capital stock of Graf Fur Company, Inc. Plaintiff treated the entire net profit from the redemption as a capital gain pursuant to § 303 of the Internal Revenue Code, 26 U.S.C. § 303.

Under that section, stock redemptions otherwise taxable as ordinary income may be taxed at capital gains rates to the extent that the redemption is required to obtain funds to pay estate, inheritance and similar taxes, funeral expenses and those administration expenses which are allowed as deductions when computing the federal estate tax under § 2053 of the Code. In computing the amount of profit from the stock redemption subject to capital gains treatment, plaintiff included $15,750, the statutory widow's award paid to decedent's widow, as an administration expense of the estate. Inclusion of this sum was disallowed by the Director on the ground that a widow's award does not qualify as an administration expense under § 2053 and the profit to the extent of $15,750 was therefore taxable as ordinary income. This action is brought to determine the legality of the Director's determination.

Plaintiff's claim is based on two contentions. First, he points out that, under Illinois law, the widow's award must be

paid prior to the payment of taxes and other debts and, that therefore he would have been unable to pay taxes and other claims had he not first used some of the proceeds of the stock redemption to pay the widow's award. Second, plaintiff asserts that no definition of "administration expenses" is found in § 2053, federal tax regulations or judicial decisions and and that state law should therefore govern. He contends that the status of the widow's award has not been decided in Illinois and suggests that Illinois would follow several other jurisdictions which treat the widow's award as an expense.

■ Contrary to plaintiff's assertion, "administration expenses" are defined in § 2053 and the regulations issued thereunder. Moreover, § 202 of the Illinois Probate Act, Ill.Rev.Stat.1965, c. 3, § 202 specifically categorizes the widow's award as a claim wholly separate from expenses of administration. In any event, the characterization of the award under state law in matters unrelated to federal taxation is irrelevant.[1] The legislative history of § 2053 (and its predecessor, § 812 of the Internal Revenue Code of 1939) precludes treatment of the widow's award as an administration expense for federal tax purposes regardless of its status under applicable state law.

■ In general, administration expenses deductible under § 2053 are restricted to expenses incurred in administering property, i. e., in the collection of assets, payment of debts and distribution of the estate. While § 2053(a) merely refers to "administration expenses", a more specific description— "expenses incurred in administering property"—is included in § 2053(b). The variation in phraseology involves no substantive difference and does not purport to describe different categories of deductibility. This analysis is confirmed by Treasury Regulation § 20.2053–3(a) which, in addition, specifically notes that expenses incurred for the benefit of an individual heir, legatee or devisee may not be treated as "administration expenses".

Prior to enactment of the Revenue Act of 1950, § 812 of the 1939 Code provided for the deduction of the widow's award from the gross estate, in addition to—and not as part of—administration expenses. In 1950, this deduction was repealed so that amounts paid as a widow's award would be included in the gross estate and would, thereby, qualify for inclusion when calculating the marital deduction allowed the estate (now § 2056 of the Code). In other words, this legislative modification was specifically designed to treat the widow's award for federal tax purposes as a distributive share and not as an expense.[2] The relief sought by the plaintiff here would be inconsistent with the historic treatment of the widow's award as an

---

1. While § 2053 refers to expenses of administration "as are allowable by the laws of the jurisdiction * * * [in] which the estate is being administered", the treatment of a particular item as an expense of administration by the state is merely a prerequisite to deductibility under the section. It must still be an expense of administration for the purposes of the federal estate tax. While state law may provide general guidelines, the ultimate question involves the maintenance of the overall scheme of the federal revenue laws. See Rev.Rul. 56–604 (expenses incurred in order to keep decedent's home open for the benefit of surviving relatives do not qualify as an expense of administration under § 2053, notwithstanding allowance by the local probate court).

2. As already noted, the various state court decisions cited by the plaintiff are inapplicable to the problem at hand. Moreover, examination of the cases reveals that their conclusions with respect to the widow's award do not stem from any belief that the award is generically an administration expense, but rather, involve particular questions of state law. Accordingly, they do not support plaintiff's contention that "administration expense" must necessarily have the same meaning in every case. Refusal to treat the award as a distributive share which would be subject to waiver by antenuptial agreement or subject to the decedent's debts is in no sense relevant in determining whether the award should be treated as a distributive share for federal tax purposes.

item separate and apart from "administration expense" and would, in fact, amount to a judicial abrogation of the legislative scheme, since inclusion of the award under the marital deduction provision is impossible if it is treated as a deductible expense under § 2053.

Plaintiff's contention that redemption of stock for the widow's award was a necessary prerequisite to payment of federal estate taxes and other claims may be accurate, however it does not bring the award within the ambit of the express language of the statute. The priority of claims against an estate is specified by applicable state statutes, but they can neither modify nor enlarge upon the restrictions which Congress has established as the limit of preferential capital gains treatment under § 303.

A widow's award is not deductible as an administration expense under § 2053 and accordingly, the District Director correctly refused to include the amount of the award when calculating the tax liability pursuant to § 303 on the profit arising from the stock redemption. Plaintiff's complaint does not state a claim upon which relief may be granted and, therefore, must be dismissed.